```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| BPP RETAIL PROPERTIES, LLC,<br><br>    **Plaintiff**,<br><br>              **v.**<br><br>NORTH AMERICAN ROOFING<br>SERVICES, INC., *et al.*,<br><br>    **Defendants**. | **Civil No**. 13-1259 (FAB) |

**MEMORANDUM & ORDER**

BESOSA, District Judge.

Before the Court is a motion to dismiss filed by defendants North American Roofing Services, Inc. ("NAR"), Carlisle Construction Materials, Inc. ("Carlisle Construction"), and Carlisle Syntec Inc. ("Carlisle Syntec"). (Docket No. 12.) After considering the defendants' motion, as well as all relevant responses, replies and sur-replies (Docket Nos. 21, 22, 31, & 35), the Court **DENIES** defendants' motion to dismiss.

I.  **Procedural Background**

On March 28, 2013, BPP Retail Properties, LLC ("BPP") filed a complaint alleging negligence and breach of contract claims against NAR, and a products liability claim against NAR, Carlisle Construction, and Carlisle Syntec. (Docket Nos. 1 & 6.) One day

Civil No. 13-1259 (FAB)                                                2
_____

earlier, on March 27, 2013, NAR and Carlisle Construction[1] filed a declaratory judgment action in Buncombe County Superior Court in North Carolina; BPP subsequently removed the action to the District Court for the Western District of North Carolina based on diversity. (Docket No. 12-4.) NAR and Carlisle Construction sought a declaration that six warranties into which the parties allegedly entered limited BPP's recourse and provided the sole legal remedy for any dispute regarding the roofs. (Docket No. 12-2.)

On May 8, 2013, defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 12.) On March 18, 2014, the District Court for the Western District of North Carolina dismissed NAR and Carlisle Construction's declaratory judgment action without prejudice, finding that the District of Puerto Rico was the appropriate forum for the litigation of the dispute. (Docket No. 65.)

**II.  Motion to Dismiss Standard**

"The question confronting a court on a motion to dismiss is whether *all* the facts alleged, when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 14 (1st Cir. 2011)(internal citations omitted)(emphasis in original). Plaintiffs faced with a motion to dismiss cannot

---

[1]Carlisle Syntec was not a party to the declaratory judgment action.

Civil No. 13-1259 (FAB)                                                    3

"'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Id. at 12.  A court must treat any non-conclusory factual allegations in the complaint as true, "even if seemingly incredible." Id.  While a court's review on a motion to dismiss is limited to the allegations contained in the complaint itself, Glaros v. Perse, 628 F.2d 679, 681 (1st Cir. 1980), the First Circuit Court of Appeals has recognized an exception permitting courts to consider "documents the authenticity of which are not disputed by the parties," Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009), containing "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-6 (1st Cir. 2012)(citing Arturet-Velez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n.2 (1st Cir. 2005)). See also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)(considering documents that were annexed to defendants' motion to dismiss and integral to plaintiff's claims)(internal citations omitted); Field v. Trump, 850 F.2d 938, 949 (2d Cir. 1988)(same).

**III. Factual Allegations**

In 2007, BPP purchased six shopping centers from the Puerto Rico affiliates of Commercial Properties Development Company

Civil No. 13-1259 (FAB)                                                  4

(collectively "Commercial Properties").[2] Prior to the sale, Commercial Properties hired NAR to replace the properties' roofing and entered into seven construction contracts ("Construction Contracts") with NAR for the work. The contracts required NAR to install waterproof roof membranes — specifically, Reinforced Mechanically Attached Thermoplastic Polyolefin Laser Weld Roofing Systems ("TPO Membranes") — that were the "best of their respective kinds." Some of the TPO Membranes were manufactured and supplied by Carlisle Construction and Carlisle Syntec. The roof installations were completed prior to BPP's purchase of the properties. After BPP purchased the properties, the TPO Membranes began to break down prematurely, resulting in leaking and damage to the buildings. On March 28, 2013, Commercial Properties assigned all of its rights arising from or related to the Construction Contracts to BPP. (Docket No. 6-1.)

**III. Discussion**

Defendants move for dismissal on three grounds. First, they contend that because they filed a "mirror-image lawsuit" in North Carolina prior to the filing of this action, the complaint should be dismissed pursuant to the first-filed doctrine. Second, defendants contend that a forum-selection clause contained in NAR's Standard Limited Warranty ("NARCO Warranties") purchased by

---

[2] Commercial Properties is an entity wholly separate and distinct from BPP.

Civil No. 13-1259 (FAB)                                              5

BPP mandates dismissal. Last, defendants claim that Commercial Properties' assignment of its contractual rights to BPP is null *ab initio*, requiring dismissal of the complaint. The Court addresses each ground for dismissal in turn.

### A.     **The First-Filed Doctrine**

Defendants contend that the first-filed doctrine mandates dismissal of BPP's lawsuit in Puerto Rico in favor of NAR and Carlisle Construction's declaratory judgment action previously filed in North Carolina. The first-filed doctrine is an equitable doctrine of forum selection applied where "identical actions are proceeding concurrently in two federal courts." <u>Cianbro Corp. v. Curran-Lavole, Inc.</u>, 814 F.2d 7, 11 (1st Cir. 1987); <u>Feinstein v. Brown</u>, 304 F. Supp. 2d 279, 280-81 (D.R.I. 2004). Because the District Court for the Western District of North Carolina has since dismissed that action, however, there is no longer a concurrent proceeding, rendering this ground for dismissal moot. In any event, the two proceedings were not identical. The North Carolina proceeding was a suit brought pursuant to the North Carolina Declaratory Judgment Act by NAR and Carlisle Construction. (Docket No. 12-2.) This proceeding, in contrast, is a negligence, breach of contract, and products liability action brought pursuant to Puerto Rico law against NAR, Carlisle Construction, and Carlisle Syntec. Accordingly, defendants NAR and Carlisle Construction's motion to dismiss

Civil No. 13-1259 (FAB)                                                6

based on the first-filed doctrine is **DENIED**. Carlisle Syntec was not a party to the North Carolina declaratory judgment action and accordingly had no standing to move for dismissal based on the first-filed doctrine; its motion to dismiss based on the first-filed doctrine is also **DENIED**.

    **B.    The Forum-Selection Clause**

Defendants also move for dismissal pursuant to a forum-selection clause contained in a document appended to defendants' motion — the NARCO Warranties. (Docket No. 12-1.) In the First Circuit, a motion to dismiss based on a forum-selection clause is treated as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 387-88 (1st Cir. 2001)(internal citations omitted). Because the Court does not find an adequate basis to conclude that these documents are undisputably authentic, see Rivera, 575 F.3d at 15, the Court declines to consider them for the purposes of this motion to dismiss,[3] and is left with no forum-selection clause to address at this time. Accordingly, defendants' motion to dismiss based on the forum-selection clause is **DENIED**.

---

[3] Those documents and arguments would be more appropriately considered in support of a motion for summary judgment.

Civil No. 13-1259 (FAB)                                                 7

    **C.**    **The Assignment**

        Lastly, defendants claim that BPP's claims against NAR[4] must be dismissed because they are based on an invalid assignment of contract rights by Commercial Properties to BPP. (Docket No. 12 at pp. 22-28.) Defendants claim that the assignment was invalid because (1) NAR did not consent to the assignment, in violation of Puerto Rico law; (2) the Construction Contracts prohibit the attempted assignment; (3) the assignment otherwise violates NAR's legal rights; and (4) the Construction Contracts expired well before the attempted assignment occurred. The Court addresses each argument in turn.

        **1.**    The Assignment Is Void Pursuant to Puerto Rico Law

        NAR contends that because NAR did not consent to the assignment from Commercial Properties to BPP, the assignment is invalid. Puerto Rico law permits the assignment of rights acquired pursuant to a contract, so long as the rights are not purely personal and the contract does not prohibit it. Laws of P.R. Ann. tit. 31, § 3029; Robles v. Superior Court, 85 P.R.R. 640, 647-48 (1962). The right to damages for a breach of contract is assignable. See Carlo v. Vargas, 66 P.R.R. 387, 389 (1946)(holding that contract rights were not purely personal and

---

[4] The Court addresses this argument as it applies to NAR only because BPP's claims against Carlisle Construction and Carlisle Syntec sound in products liability and are not contingent on any assigned contract rights.

Civil No. 13-1259 (FAB)                                                 8

were accordingly assignable); Ojeda v. Fernandez, 32 P.R.R. 688, 692-93 (1924)(holding that the right to claim damages for breach of contract is assignable).

NAR's argument relies on a Puerto Rico Law 75[5] case, Goya de Puerto Rico, Inc. v. Rowland Coffee, 206 F. Supp. 2d 211 (D.P.R. 2002). In Goya, the district court addressed whether Goya (the obligor) could bring a claim against Tetley (the assignor) for transferring its contractual rights to Rowland (the assignee). Id. at 217.  The Court stated that pursuant to Puerto Rico contract law, a valid assignment occurs where "the three interested parties . . . concur in the act of the assignment." Id. at 218 (citing J. Puig Brutau, Compendio de Derecho Civil, Vol. II, pp.243-44 (3d ed. 1988)). See also Unilever Home and Pers. Care USA v. P.R. Beauty Supply, 162 Fed. Appx. 22, 26 (1st Cir. 2006).[6] The court noted that such an assignment releases the assignor from liability to the obligor. Id. Finding that Goya had essentially consented to the assignment through conduct, the court held that Goya's claims against Tetley

---

[5]Puerto Rico's Law 75 governs the business relationship between "principals" and local "distributors" appointed to market their products in Puerto Rico. See Caribe Indus. Sys., Inc. v. Nat'l Starch and Chem. Co., 212 F.3d 26, 29 (1st Cir. 2000).

[6]The Court notes that both Goya and Unilever analyzed the issue of assignment of rights in the context of Law 75, and are thus distinguishable from the facts of this case.

failed because Tetley had been liberated from liability through its assignment of rights to Rowland. Id. at 219.

Goya does not control here, where the assignee (BPP) seeks relief against the obligor (NAR), and the assignor (Commercial Properties) — who is not a party to this case — seeks no release from liability.[7] The complaint's allegations indicate that Commercial Properties entered into a valid assignment agreement with BPP, and that NAR was aware of BPP's position as the new owner of the properties.

### 2. The Construction Contracts Prohibit the Assignment

NAR further contends that because the Construction Contracts specifically permitted the assignment of rights to one class of assignees — banks and lending institutions — they prohibited any other type of assignment. (Docket No. 12 at p. 24.) Section 20.1 of the Construction Contracts states:

> This contract and performance bond of the Contractor may be assigned by Owner to any bank or lending institution making construction loans in connection with the project without any other formality. Contractor and the bonding company hereby consent to such assignments and subordinate their lien to the lien of the bank or lending institution, it being understood that the lien of the bank or lending institution is t (sic) be paramount, regardless of date of execution of this contract or commencement of the work at the site.

---

[7]To the contrary, the assignment agreement expressly states, "Any and all of Assignor's obligations under the contracts with NAR will remain under Assignor's responsibility." (Docket No. 6-1.)

(Docket No. 6-2.) NAR urges the Court to apply the contractual interpretation maxim of *expresio unius est exclusio alterius*, which instructs that "when parties list specific items in a document, any item not so listed is typically thought to be excluded." Lohnes v. Level 3 Comm., Inc., 272 F.3d 49, 61 (1st Cir. 2001)(internal quotation and citation omitted). BPP responds that while the section intended to dispense with formalities for a specific type of assignment, it cannot be construed as an anti-assignment clause. The Court agrees; such a result is not mandated by the language of the clause. Given that contract rights are freely assignable pursuant to Puerto Rico law, see Laws of P.R. Ann. tit. 31, § 3029, a clearer statement would be required to prohibit all assignments. The clause cited by NAR, without more, does not warrant dismissal of the complaint.

### 3.  The Assignment Otherwise Violates NAR's Legal Rights

NAR next argues that the assignment otherwise violates its legal rights by materially increasing the burden or risk imposed by the contracts on NAR. This argument relies on language in the NARCO Warranties, which, as mentioned above, the Court declines to consider at this stage. Accordingly, this argument fails.

Civil No. 13-1259 (FAB)                                                    11

        4.   <u>The Construction Contracts Expired Before the Attempted Assignment</u>

Last, NAR argues that because the Construction Contracts expired before Commercial Properties assigned its rights to BPP, there were no remaining rights to assign, and the complaint must be dismissed. The Construction Contracts provided for the installation of roofs using materials "the best of their respective kinds." (Docket No. 6-2 at p. 6.)  Because the Court declines to consider the NARCO Warranties at this time, a reasonable inference remains that NAR's liability under the contracts extended beyond the completion of the installation, pursuant to those or other warranties. <u>See</u> Laws of P.R. Ann. tit. 31, § 4124 (imposing liability on building contractors for full or partial destruction of a building for ten or fifteen years). At this stage, this argument does not warrant a dismissal.

Accordingly, for the reasons stated above, NAR's motion to dismiss based on the invalidity of the assignment of contract rights to BPP is **DENIED**.

**IV. Conclusion**

For the reasons articulated above, defendants' motion to dismiss the complaint is **DENIED**.

   **IT IS SO ORDERED.**

San Juan, Puerto Rico, March 31, 2013.

                                           <u>s/ Francisco A. Besosa</u>
                                           FRANCISCO A. BESOSA
                                           UNITED STATES DISTRICT JUDGE