IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BPP RETAIL PROPERTIES, LLC,<br><br>    **Plaintiff**,<br><br>                **v.**<br><br>NORTH AMERICAN ROOFING SERVICES, INC., *et al.*,<br><br>    **Defendants.** | **Civil No.** 13-1259 (FAB) |

**MEMORANDUM & ORDER**

BESOSA, District Judge.

    Before the Court is plaintiff BPP Retail Properties, LLC ("BPP")'s motion to compel production of documents and answers to interrogatories from defendants North American Roofing Systems ("NAR") and Carlisle Construction Materials Inc. ("Carlisle"). (Docket No. 113.) After considering the parties' arguments, the Court now **GRANTS IN PART and DENIES IN PART** plaintiff's motion.

I.    **Background**

    Between April 18 and 22, 2014, BPP served defendants with its first requests for production ("RFP"), interrogatories, and notices of witness depositions. (Docket Nos. 72-79.) On May 22, 2014, BPP served defendants with its second requests for production and first interrogatories. (Docket Nos. 101-104.) Defendants served their responses and objections to BPP's discovery requests on June 6,

Civil No. 13-1259 (FAB)                                                 2

2014.[1]  (Docket No. 113.)  In a good-faith effort to resolve pending discovery disputes, the parties' attorneys conferred between June 10 and 12, 2014.  (Docket No. 113.)  On June 16, 2014, after failing to reach a resolution on several discovery disputes, plaintiffs moved to compel defendants' responses.  Id.  The discovery deadline in this case is July 30, 2014.  (Docket No. 91.)

BPP seeks to compel the following:

1. Defendant NAR's responses to BPP's first RFPs 8, 9, and 10;

2. Defendant NAR's responses to BPP's first interrogatories 4, 5, 6, and 7;

3. Defendant Carlisle's responses to BPP's RFPs 6, 7, and 8; and

4. Defendant Carlisle's responses to BPP's first interrogatories 2, 3, 4, 5, 6, 11, and 12.

(Docket No. 113.)  Plaintiff's requests can be categorized as seeking information and/or documents regarding (1) "other claims" involving thermoplastic polyolefin ("TPO") roofing membranes;[2]

---

[1] Carlisle, claiming not to have received plaintiff's second discovery requests, served its responses to BPP's second set of requests on June 20, 2014.  (Docket Nos. 118 & 119.)

[2] Plaintiff's RFPs to NAR 8 and 9; plaintiff's interrogatories to NAR 6 and 7; plaintiff's RFPs to Carlisle 6 and 7; and plaintiff's interrogatories to Carlisle 4, 5, 6, 11, and 12.

Civil No. 13-1259 (FAB)                                                      3

(2) indemnification agreements;[3] and (3) the chemical makeup of TPO membranes sold by defendants.[4]  Defendants raised a combination of objections to these requests, including vagueness, irrelevance, overbreadth, privilege, and trade secret.  (Docket No. 113.)

## II. Legal Standard

Discovery may be obtained as to any non-privileged material relevant to any party's claim or defense that is reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  The party resisting discovery has the burden of showing "specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."  Vazquez-Fernandez v. Cambridge Coll., Inc., 269 F.R.D. 150, 155-56 (D.P.R. 2010) (Arenas, J.) (internal quotation and citation omitted); Fed. R. Civ. P. 33(b)(4).  When a party withholds otherwise discoverable information on the basis of privilege, the party must, "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A); Rivera v. Kmart Corp., 190 F.R.D. 298, 300 (D.P.R. 2000) (Pieras,

---

[3] Plaintiff's RFPs to NAR 10; plaintiff's interrogatories to NAR 4 and 5; and plaintiff's RFP to Carlisle 8.

[4] Plaintiff's interrogatories to Carlisle 2 and 3.

J.) (citing Fed. R. Civ. P. 26(b)(5)). If the responding party fails to object or state the reason for the objection timely, he or she may be held to have waived any objection. Rivera, 190 F.R.D. at 300 (citing Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991)).

**III. Discussion**

The Court addresses plaintiff's motion and defendants' objections by the category of information involved.

**A.    Information Regarding "Other Claims"**

Plaintiff seeks information and documents regarding complaints, legal claims, or allegations made against defendants regarding the in service performance or premature failure of TPO roofing membranes between 2000 and 2008. (Docket Nos. 113 & 126). Citing cases that assessed the *admissibility* — rather than discoverability — of "other claims" in products liability actions, defendants contend that plaintiff's requests are overly broad and seek information that is not relevant because the materials or conditions were not "the same as, or similar to," the materials or conditions used in plaintiff's roofing installations.[5] (Docket Nos. 115 & 116.)

---

[5] To the extent defendants object to these requests on the basis of privilege or confidentiality, defendants have not provided the Court with any privilege logs or information sufficient to satisfy their burden with regard to privilege. See Fed. R. Civ. P. 26(b)(5)(A).

The advisory committee notes to Federal Rule of Civil Procedure 26 ("Rule 26") specify that "A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard." Fed. R. Civ. P. 26(b)(1) advisory committee notes. The "widely-accepted view" among federal courts is that discovery of other litigation is permissible "where it involves (1) the same or similar claims arising from (2) the same or similar products at issue." United Oil Co., Inc. v. Parts Assoc., Inc., 227 F.R.D. 404, 410 (D. Md. 2005). See also Liberty Mut. Fire Ins. Co. v. Centimark Corp., No. 4:08CV230-DJS, 2009 WL 539927, at *2 (E.D. Mo. Mar. 4, 2009) (finding information regarding other legal actions to be reasonably relevant to plaintiffs' claim, and rejecting defendant's argument in a products liability action "that plaintiff cannot prove that defendant installed *plaintiff's* roof improperly or breached *these parties'* contract by introducing evidence regarding claims made with respect to the design, manufacture, sale, or installation of *other* roofs around the country.") (emphasis in original); Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 617 (5th Cir. 1977) (reversing trial court's denial of motion to compel, because interrogatory seeking information regarding prior accidents and injuries was "reasonably calculated to lead to

Civil No. 13-1259 (FAB)                                                6

the discovery of admissible evidence."); <u>Kozlowski v. Sears, Roebuck & Co.</u>, 73 F.R.D. 73, 75 (D. Mass. 1976) (noting that "most courts have held that the existence and nature of other complaints in product liability cases is a proper subject for pretrial discovery") (internal citations omitted).  Courts considering whether plaintiffs in products liability cases are entitled to discovery concerning other claims or incidents have generally held that "plaintiff need not lay the same foundation of substantial similarity as would be necessary to support admission into evidence." <u>A.H. ex rel Hadjih v. Evenflo Co., Inc.</u>, No. 10cv02435-MSK-KMT, 2011 WL 3684807, at *4 (D. Colo. Aug. 23, 2011) (compiling cases).  "For discovery purposes, the court need only find that the circumstances surrounding the other accidents or products are similar enough that the discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrences."  <u>Id.</u> (citing cases).  See also <u>Lohr v. Stanley-Bostitch, Inc.</u>, 135 F.R.D. 162, 164 (W.D. Mich. 1991) (concluding that plaintiffs were entitled to discovery concerning accidents involving different products but exhibiting the same features as those plaintiff claimed caused the injury.).

Here, plaintiff's requests seek information regarding the installation, durability, and/or failure of the same or similar product as the one central to its complaint:  defendants' TPO roofing membranes.  The Court finds that discovery of claims

Civil No. 13-1259 (FAB)                                                      7

against defendants regarding TPO membranes between the years 2000 and 2008 are reasonably calculated to lead to the discovery of admissible evidence, such as defendants' knowledge regarding defects or causation of the alleged damages in this case. Accordingly, plaintiff's motion to compel production of information and documents regarding "other claims" is **GRANTED**.  The information and documents shall be produced to plaintiffs **no later than July 11, 2014**.  Should plaintiff seek to admit "other claims" information at trial, it will have to lay a foundation of substantial similarity to support its admissibility.

**B.   Indemnification Agreements**

Plaintiff seeks information and documents pertaining to any indemnity or hold harmless agreements or claims made by defendants regarding TPO membranes.  Defendants object to these requests because they go beyond what Rule 26 permits.  Rule 26.1 carves out a specific exception providing for the discoverability of insurance agreements.  Fed. R. Civ. P. 26.1.  No such provision exists, however, for non-insurance indemnification agreements.  See Fed. R. Civ. P. 26.1(e)(1).  The advisory committee notes to Rule 26(b)(2) specify that the rule does not extend to cover "the ordinary business concern that enters into a contract of indemnification."  Fed. R. Civ. P. 26(b)(2) advisory committee notes.  See also In re Zicam Cold Remedy Mktg., Sales Practices, and Products Liab. Litig., No. 09MD2096-PHX-FJM, 2010 WL 4715951,

Civil No. 13-1259 (FAB)                                                    8

at *1 (D. Ariz. Nov. 15, 2010) (holding that "[b]ecause no insurance business is party to the agreement, [Rule 26] does not require its automatic disclosure.").

Because plaintiff seeks non-insurance indemnification agreements beyond the scope of Rule 26, the Court **DENIES** plaintiff's motion to compel as to those requests.

    **C.**    **The Chemical Makeup of Defendants' TPO Membranes**

Lastly, plaintiff seeks information regarding the chemical makeup of Carlisle's TPO roof membranes. Carlisle filed a motion for a protective order to prevent the disclosure of the requested information, which it claims constitutes trade secrets. (Docket No. 117.) Because plaintiff has not responded to this motion yet, the Court declines to rule on the motion to compel as to information regarding the chemical makeup of Carlisle's TPO membranes. In the meantime, the parties are free — and encouraged — to consider entering into a confidentiality agreement which would allow this discovery to take place. Accordingly, the Court will consider the motion to compel upon receipt of plaintiffs response.

**IV. Conclusion**

For the reasons articulated above, plaintiff's motion to compel is **GRANTED** as to information and documents regarding "other claims;" and **DENIED** as to information and documents regarding indemnification agreements.

Civil No. 13-1259 (FAB)                                                    9

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 2, 2013.

                                       s/ Francisco A. Besosa
                                       FRANCISCO A. BESOSA
                                       UNITED STATES DISTRICT JUDGE